**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QI SU,<br>Petitioner,<br>v.<br>WARDEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-6466-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on October 30, 2026. Respondents filed an Answer on November 9, 2026. Petitioner filed a Reply on November 12, 2026.

**BACKGROUND**

Petitioner, a citizen of China, entered the United States on a visa on January 13, 2023. Petitioner remained in the United States despite the June 15, 2025 expiration of her authorization to do so.

///

Petitioner is a derivative applicant on her mother's and her father's applications for asylum. Petitioner thereby received employment authorization. She has lived openly in the United States and, through her derivative asylum application status, immigration authorities presumably have been aware of her address. Yet, the authorities did not detain Petitioner when her authorization to remain in the United States expired. Meanwhile, Petitioner worked, paid taxes, attended church, and established significant local community ties. She has no criminal record.

On September 21, 2026, agents of ICE detained Petitioner without any prior notice, and without any prior or contemporaneous opportunity to be heard. Petitioner has remained in detention ever since. After 32 days of detention, an immigration judge denied bond in a cryptic order, stating only: "Denied, because Flight risk. Mother's I-589 denied. Dad's bond denied (with 1 yr bar issue)" (Doc. 8-3, p. 1).

**DISCUSSION**

Petitioner's detention has violated federal constitutional due process. Habeas relief must issue.

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3). Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct.

830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, Petitioner overstayed her visa, but immigration authorities elected not to detain Petitioner at that time. To the contrary, Petitioner received work authorization and built a substantial life in the United States while her parents' asylum applications remained pending. A noncitizen in such circumstances possesses a constitutionally protected liberty interest in remaining undetained. See, e.g., Tu v. Janecha, 2026 WL 2656614 (C.D. Cal. Sept. 8, 2026); Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); but see Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026).

This conclusion follows from logic as well as from case law. Case law is now legion that a noncitizen previously detained by immigration authorities but released on conditions has a constitutionally protected liberty interest that can be violated by re-detention. See, e.g., Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14; accord Pinchi v. Noem, 813 F. Supp. 3d at 1035-36;

Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated"). For constitutional purposes, there should be no material difference between a noncitizen previously released from detention by immigration authorities and a noncitizen whom immigration authorities previously chose not to detain. As aptly stated by the United States District Court for the Northern District of California:

> The government's insistence Petitioner lacks a liberty interest because it never before sought to detain her is specious. . . . Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained. *See Barco Mercado v. Francis, No. 25-CV-6582(LAK),* ____ F. Supp. 3d ________, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (attaching appendix identifying "350 [ ] cases decided by over 160 different judges sitting in about 50 different courts spread across the United States" "overwhelmingly" finding individuals detained and then released had a vested liberty interest). The government's position Petitioner does not have the same liberty interest is unsupported by any legal authority.

Kharitonova v. Albarran, 2026 WL 531441 at *2. Indeed, even when immigration authorities are unaware of a noncitizen's presence within the United States (unlike here), the noncitizen can develop a constitutionally protected liberty interest by building a substantial life in this country over a period of years. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026).

In the present case, Petitioner's detention has violated her due process rights. As reflected in case law evaluating legally indistinguishable circumstances, all three of the Mathews factors militate toward this conclusion. See, e.g., Tu v. Janecha, 2026 WL 2656614, at *3-5 (C.D. Cal. Sept. 8, 2026) (and cases cited therein); Tello Vazquez v. Mullin, 2026 WL 1911507, at *2-3 (and cases cited therein); Wu v. Chestnut, 2026 WL 1906294, at *2 (and cases cited therein); Grigoryan v. Lyons, 2026 WL 2032230, at *1-2 (and cases cited therein); Kharitonova v. Albarran, 2026 WL 531441, at *3 (and cases cited therein).[1]

The belated bond hearing given to Petitioner after she had been in detention for 32 days did not remedy the constitutional violation. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *3; Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond cannot support continued detention where the underlying arrest and detention violated the petitioner's due process rights); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

The proper remedy is to require Petitioner's release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in violation of her due process rights. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *4; Wu v. Chestnut, 2026 WL 1906294, at *2-3; Grigoryan v. Lyons, 2026 WL 2032230, at *2; see also Ramirez-Serna v. Mullin, 2026 WL 1514337, at *7 (C.D. Cal. May 28, 2026); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025). As to the latter, numerous judges of this Court, as

---

[1] Even if the process due as of September 21, 2026, were limited to a prompt, post-detention bond hearing, Petitioner did not receive such a hearing. Rather, the Government maintained Petitioner in detention, without a hearing, for 32 days.

well as other judges within the Ninth Circuit, have ordered such procedural protections, often while expressly affirming the Court's jurisdiction to do so. See, e.g., Patel v. Bowen, 2026 WL 3027234 (C.D. Cal. Oct. 8, 2026); Martinez v. Mullin, 2026 WL 2970607 (C.D. Cal. Oct. 2, 2026); Singh v. Warden, 2026 WL 2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal. June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner should not be required to forestall seeking this Court's assistance until after the completion of administrative proceedings that typically take a very long time. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement

may be waived where administrative remedies “are inadequate or not efficacious” or where “irreparable injury will result”).

## CONCLUSION

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and: (a) ordering Respondents to release Petitioner (A# 235-524-668) from detention immediately, subject to reasonable conditions; (b) declaring that Petitioner’s detention violated Petitioner’s due process rights; and (c) enjoining Respondents from any further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[2]

DATED: November 16, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[2] Petitioner has failed to justify any different or additional form of habeas relief.